# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BOINK SYSTEMS, INCORPORATED, *et al.*,

                 Plaintiffs,

vs.

LAS VEGAS SANDS CORPORATION,

                 Defendant.

Case No. 2:08-cv-00089-RLH-PAL

**ORDER**

(Pet. for OSC - Dkt. #219)

     Before the court is Las Vegas Sands Corp.'s Petition for an Order to Show Cause why Boink Systems, Incorporated, and its President Should Not be Held in Contempt (Dkt. #219). The court has considered the Motion, Boink System Inc.'s Opposition (Dkt. #224), and Las Vegas Sands Corp.'s Reply (Dkt. #27).

## BACKGROUND

     The parties' claims and counterclaims were tried before a jury February 22 through March 1, 2011. A Clerk's Judgment (Dkt. #203) was entered March 2, 2011. After post-trial motions, the court entered an Amended Judgment (Dkt. #226) on May 20, 2011. On February 22, 2011, the first day of trial, counsel for the parties advised the court that they had agreed to a permanent injunction resolving Las Vegas Sands' ("LVS") trademark claims. The Order (Dkt. #205) on the stipulated permanent injunction was approved by the court and signed February 22, 2011, and docketed, but not entered on the public record until March 8, 2011, after the jury returned its verdict.

     In the current petition, LVS seeks an order to show cause why Boink Systems and its president should not be held in contempt for violating the terms of the injunction. The petition, which is supported by the declaration of Christopher Matthews asserts that Plaintiff Boink Systems, Inc. ("BSI")

1  violated the terms of the permanent injunction by displaying an image of a kiosk similar in appearance
2  to the kiosk at issue in this case, bearing the LVS Trademark Logo "THE VENETIAN" on its side.  Mr.
3  Matthews attests that on April 14, 2011, he used his office computer to view the BSI website.
4  Matthews Declaration ¶ 7.  He used the same internet address (http://www.boink.com) that he used
5  previously when viewing the BSI website when corresponding with Plaintiff's counsel, Larry Washor.
6  *Id*.  The "News and Events" section of the BSI website displayed an image of a kiosk similar in
7  appearance to the kiosk at issue in this case, bearing the LVS Trademark Logo "THE VENETIAN" on
8  its side.  *Id*. ¶ 8.  He attached a copy of the screen capture depicting the web page containing the image
9  as Exhibit "B" to the petition.
10        Based on these representations, LVS argues that BSI has violated the court's permanent
11 injunction and should be held in contempt.  LVS contends it has established by clear and convincing
12 evidence that the order has been violated, with sufficient proof to reasonably satisfy the court that it is
13 highly probable that a violation occurred.  As such, the burden shifts to BSI to demonstrate it was
14 somehow unable to comply with the permanent injunction.  LVS cites authority for the proposition that
15 the party resisting a finding of contempt must show that it has "made in good faith all reasonable efforts
16 to meet the terms of the court order."  *Commodity Futures Trading Comm'n v. Wellington Precious*
17 *Metals,* 950 F.2d 1525, 1529 (11th Cir. 1992); *S.E.C. v. Showalter,* 227 F.Supp 2d 110, 120 (D. D.C.
18 2002).  LVS argues that BSI cannot make this showing because it has repeatedly represented to the
19 court and opposing counsel in the past that it has removed images depicting LVS logos and trade names
20 from its website.  The permanent injunction specifically binds not only the Plaintiff, but its officers,
21 agents, servant, employees, representatives, attorneys and assigns.  Under these circumstances, the court
22 has jurisdiction over non-party William Toro, the President of BSI to hold him in contempt, and should
23 do so.  LVS requests that the court require Boink and its President, William Toro, to appear and show
24 cause why it should not be held in contempt, an award of additional injunctive relief, attorney's fees and
25 costs for the necessity of filing this petition, and any other relief the court deems just and proper.
26       BSI opposes the motion arguing it is based on the appearance of a single image formerly posted
27 on the "News and Events" section of BSI's website.  The picture was removed April 27, 2011, the day
28 after Plaintiff's petition was filed and served.  The picture depicted equipment designed by Plaintiff and

1  displayed at a public trade show in 2007.  BSI argues that only when the picture is viewed with a
2  magnifying glass or blown up beyond the ordinary dimensions at which it was displayed, as LVS did in
3  its petition, can the word "THE VENETIAN" be seen on the side of the equipment in the picture.  BSI
4  represents that it was unaware that the picture bearing "THE VENETIAN" name was on its website.
5  However, when the petition was filed, Plaintiff immediately acted to remove the picture.

6  BSI points out that a simple phone call or letter from the Defendant to its counsel would have
7  accomplished the goal of protecting Defendant's trademark if this was the actual aim.  Moreover, either
8  LVS was not aware the image was on BSI's website until Mr. Matthews accessed the website on April
9  14, 2011, or LVS deliberately delayed filing this petition for strategic reasons.  BSI argues that is has
10 substantially complied with the permanent injunction and that substantial compliance purges any
11 contempt as a matter of law.

12 The opposition is supported by the declaration of William Toro.  Mr. Toro is the President and
13 CEO of Plaintiff BSI.  Toro Declaration, ¶ 1.  He attests that after entering into the permanent
14 injunction he reviewed the www.boink.com website to check for any images or contents possibly using
15 Defendant's trademarks as identified in the injunction to ensure BSI was in compliance.  *Id*. ¶ 4.  It now
16 appears that in his review he inadvertently overlooked the picture that was in the "News and Events"
17 page of the website depicting equipment designed by Plaintiff and displayed at a public trade show in
18 2007 with "THE VENETIAN" name/mark on the side of the equipment.  *Id*.  He does not know
19 whether he overlooked the image because of its size (2.25 inches by 1.75 inches on a standard computer
20 screen) or because it was part of a loop of pictures that flashed on the screen for less than one second at
21 a time.  *Id*.  He has attached a true and correct copy of the image as it appeared on a standard computer
22 screen as Exhibit "1A" to his declaration.  *Id*.  "The image was not up on the website with any intent,
23 and the website has not been the source of any revenue since the injunction was entered." *Id*. ¶ 5.  On
24 April 27, 2011, he received a copy of Defendant's petition.  *Id*. ¶ 6.  As quickly as possible, and that
25 same day, BSI removed the picture and took down all content from the "News and Events" section of
26 the website.  *Id*.  As of the date of his declaration, May 12, 2011, no new content had been put up on the
27 "News and Events" page of the website.  *Id*.
28 / / /

1    LVS replies that BSI has conceded that the permanent injunction was entered on March 8, 2011, that BSI and its president were aware of the terms of the injunction, and that LVS' trademarked "THE VENETIAN" logo appeared on the website after March 8, 2011. BSI does not dispute that on April 14, 2011, it assured the court through its counsel that any unauthorized use of the LVS trademark ceased in early 2008. This representation was untrue. Therefore, LVS has made a *prima facae* case of contempt, and BSI's "incessant claims of inadvertence ring hollow." LVS also argues that BSI continues to make false representations because the screen captures submitted by BSI in its opposition, showing the image on its website, bears the date "28/04/2011" in the lower right-hand corner. Thus, Mr. Toro's claim that it was removed on April 27, 2011 is again false. As a result, neither LVS nor this court should be expected to take BSI and Mr. Toro at face value any longer.

**DISCUSSION**

LVS asks the court for an order: (1) awarding LVS its costs and fees for bringing this petition; (2) finding BSI and its President in contempt; and (3) supplementing and amending the permanent injunction to (a) require placement of a corrective notice on the home page of BSI's website; and (b) requiring payments to LVS of $100,000.00, assessed jointly and severally against BSI and its president, for each and any further violation of the permanent injunction.

**A. Legal Standard**

It is axiomatic that courts have the inherent authority to compel obedience to their lawful orders. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). The standard for finding a party in civil contempt is well settled. *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002). The moving party has the burden of showing by clear and convincing evidence that the party against whom contempt is sought violated a specific and definite court order. *Id*. If the moving party meets this burden, the burden shifts "to the contemnors to demonstrate why they were unable to comply." *Id*.

A party may be found in civil contempt for disobedience of a specific and definite court order if it fails to take all reasonable steps within its power to comply. *In Re Dual-Deck Video Cassette AntiTrust Lit.,* 10 F.3d 693, 695 (9th Cir. 1993). The contempt "need not be willful," and there is no good faith exception to the requirement to obey a court order. *Id.* However, a party should not be held in contempt if its action appears to be based on a good faith and reasonable interpretation of the court's

1  order. *Id.* Substantial compliance with a court order is a defense to civil contempt. *Id*. A few
2  technical violations do not vitiate substantial compliance if a party has made reasonable efforts to
3  comply. *Id*. Substantial compliance with a court order purges civil contempt. *NLRB v. A-Plus*
4  *Roofing, Inc.*, 39 F.3d 1410, 1418 (9th Cir. 1994) (*citing General Signal Corp. v. Donallco*, *Inc.,* 787
5  F.2d 1376, 1379 (9th Cir. 1986).

   **B.     Analysis**

   The parties do not dispute the standard the court should apply in resolving this dispute. BSI does not dispute that it displayed an image of the LVS name/mark THE VENETIAN" on its website after it entered into a permanent injunction which the court approved on February 22, 2011.  However, LVS does not dispute that the image was approximately 2.25 x 1.75 inches on a standard computer screen and was part of a loop of pictures that flashed on the BSI website as part of a loop of pictures displayed from a public trade show in 2007 for less than one second at a time.

   LVS initiated this action on January 22, 2008, when it filed this complaint and has been most vigilant in enforcing its intellectual property rights.  Counsel for LVS went online to the BSI website April 14, 2011, to confirm that BSI was not displaying and LVS trademark logo prohibited by the permanent injunction the parties stipulated to and the court approved.  Counsel found a single image on the site and attached an enlarged copy of the screen capture depicting the webpage containing the image as an exhibit to the petition.  Thus, LVS has established clear and convincing evidence that the court's permanent injunction has been violated.  However, the court finds that BSI has demonstrated that it made good faith reasonable efforts to comply with the terms of the permanent injunction and has substantially complied.  Additionally, BSI took prompt corrective action once the violation was brought to its attention.  Counsel for LVS elected to file this petition twelve days after finding a single image on BSI's website instead of picking up the phone and notifying opposing counsel of the problem.  The problem could have, and should have, been resolved expeditiously and with minimal expense to both sides.  For whatever reason, counsel for LVS elected to file this petition with the court.  The court finds that BSI's technical violation of the permanent injunction does not warrant civil contempt sanctions, and that BSI's prompt corrective action has purged its technical violation of the court's order.

   / / /

1  Accordingly,

2  **IT IS ORDERED** that LVS' Petition For An Order to Show Cause Why Boink Systems, Inc.
3  and It's President Should Not Be Held In Contempt (#219) is **DENIED**.

4  Dated this 3rd day of August, 2011.

_____
Peggy A. Leen
United States Magistrate Judge